

FEB 1 2 2019

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JOSEPH PARANTEAU,<br><br>Petitioner,<br><br>vs.<br><br>PATRICK MCTIGHE; STATE OF MONTANA; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 19-77-GF-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on state pro se petitioner Joseph Paranteau's application for writ of habeas corpus under 28 U.S.C. § 2254.

## I. 28 U.S.C. § 2254 Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

1

As explained herein, Paranteau's petition for habeas relief lacks merit and should be denied.

A.      **Background**

The Montana Supreme Court explained the procedural history of Paranteau's case as follows:

> On May 28, 2015, the State charged Paranteau with incest, a felony, in violation of § 45-5-507, MCA, for touching his ten-year-old step-daughter's vagina with his hand on several occasions. Paranteau claims he played a game with his step-daughter where he would throw her onto a couch by cradling her chest and placing his hand on her crotch and sometimes his finger would accidentally slip inside her underwear. Paranteau pleaded not guilty. Attorneys for the State and Paranteau negotiated a plea agreement, in which Paranteau agreed to plead guilty to assaulting a minor and to a five-year commitment to the Department of Corrections, with three years suspended. The District Court rejected the plea agreement. In a subsequent plea agreement, Paranteau agreed to plead guilty to criminal endangerment, a felony, in violation of § 45-5-207, MCA, which the District Court accepted. On May 25, 2017, the District Court sentenced Paranteau to ten years at the Montana State Prison.
>
> On February 13, 2018, Paranteau filed a petition for postconviction relief arguing that: (1) the District Court committed perjury; (2) he lacked the requisite mental state to be convicted of criminal endangerment; and (3) the prosecution violated the grand jury clause of the Fifth Amendment of the United States Constitution.

*Paranteau v. State*, 2019 MT 211N, Or. at ¶¶ 3-4 (Mont. Sept. 9, 2019).

In relation to Paranteau's claim that the elements of the crime of Criminal Endangerment were not met because he did not intend to cause injury to the child when he picked her up and threw her on the couch, the district court was not

2

persuaded. See, (Doc. 1-2 at 4)(Or. Denying PCR Petition). The court explained the mens rea for Criminal Endangerment is "knowingly" and the actus reus is "engaging in conduct that creates a substantial risk of death or serious bodily injury to another." *Id.* In explaining the application of the requisite mens rea to the charge, the court noted:

> It does not matter if Paranteau intended to cause death or serious bodily injury to the minor child. What matters is that Paranteau knowingly engaged in the action of picking up the minor child and throwing her on to the couch. This action in and of itself creates a substantial risk of death or serious injury to the child, and Paranteau acknowledged this during his change of plea hearing. In summary, Paranteau's allocution to the crime of Criminal Endangerment was legally sufficient because he confessed to committing all the elements of the crime of Criminal Endangerment.

*Id.* On May 21, 2018, the district court denied the postconviction petition for lack of merit.

Paranteau filed a direct appeal. In addition to those claims raised in his underlying petition, Paranteau advanced several new claims that were not presented to the district court. *Paranteau,* 2019 MT 211 N, at ¶ 7. The Montana Supreme declined to consider the issues raised by Paranteau for the first time on appeal.

In relation to Paranteau's claim that, despite pleading guilty, he did not knowingly engage in conduct that could cause a risk of death or serious injury to another, because he was "playing" with his daughter and not intentionally trying to

3

hurt her, the Montana Supreme Court was unmoved. The Court explained that it did not matter whether Paranteau intended to cause his step-daughter's death or serious bodily injury, rather the proper inquiry was whether he knew of the likelihood that his conduct could do so. *Id.* at ¶ 12.[1] The Court further noted during the change of plea hearing, Paranteau stated:

> By [throwing her] I could have seriously injured her or broken her arm. She could have landed on her head or seriously injured her spine, or I could have dropped her. If I had dropped her, she could have, being a small child, she could have been seriously injured- on several occasions- on several occasions [she] went in her room after playing this game.

*Id.* at ¶ 13. The Court observed Paranteau unequivocally informed the district court both that he knowingly picked the child up and was guilty to the offense of criminal endangerment. *Id.* Thus, the district court properly denied the claim. The Court affirmed the denial of Paranteau's postconviction petition.

B. **Paranteau's Claims**

Paranteau first claims that he only "plead guilty to a charge that could and should be a misdemeanor, if even that." (Doc. 1 at 4, ¶ 13(A)). Paranteau also argues he did not get the plea agreement the County Attorney told him he would get which was a five-year commitment to the Montana Department of Corrections with all of the time suspended. *Id.* at 5, ¶ 13(B).

---

[1] The Court found the lower court correctly concluded that Paranteau knowingly engaged "in the action of picking up the minor child, throwing her onto a couch, and touching her vagina while doing so." *Paranteau,* 2019 MT 211 N, at ¶ 12.

4

Paranteau asks this Court to exonerate him, to impose the terms of the plea agreement he signed, or to grant him parole. *Id.* at 7, ¶ 16.

### C. Analysis

A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011)(per curiam). As explained below, because Paranteau has not established a federal constitutional violation occurred, his claims should be denied.

#### i. Claim 1- Elements of Criminal Endangerment

Paranteau argues here, much as he did in the state courts, that he should not be convicted of criminal endangerment because he did not meet the elements of the offense. He additionally argues the district court's insertion of the term "knowingly" into the analysis of this claim was unlawful because Paranteau "has not found the work 'knowingly' in anything he has plead guilty to." (Doc. 1-1 at 4.)

While Paranteau states he is unfamiliar with the term "knowingly," this is the requisite mental state identified in the criminal endangerment statute.[2] To the extent that Paranteau is confused by the district court's injection of the terms *mens*

---

[2] See, MCA § 45-5-207(1): A person who knowingly engages in conduct that creates a substantial risk of death or serious bodily injury to another commits the offense of criminal endangerment.

5

*rea* and *actus reus* into its analysis, the Montana Supreme Court has explained that a typical prosecution is reducible to three components: "(1) someone committed the *actus reus* (i.e., forbidden act) alleged in the indictment or information; (2) that person possessed the requisite *mens rea* (i.e., criminal intent or state of mind); and (3) that person was the defendant. *State v. Dafffin*, 2017 MT 76, ¶ 21, 387 Mont. 154, 392 P. 3d 150 (citations omitted). As explained by the district court, the mens rea for Paranteau's crime was "knowingly." But neither the use of "knowingly" nor the inclusion of general legal principles into Paranteau's state case creates a federal question for this Court's consideration.

Additionally, this claim was adjudicated in the state courts on its merits. A state prisoner "whose claim was adjudicated on the merits in state court is not entitled to relief in the federal court unless he meets the requirements of 28 U.S.C. §2254(d)." *Price v. Vincent*, 538 U.S. 634, 638 (2003). This Court's analysis of the merits of Paranteau's first claim is constrained by the applicable standard of review.

Under the deferential standard of § 2254(d), a federal court may not grant a prisoner's petition on a claim that was decided on the merits in state court, unless the state court's decision: (1) "was contrary to federal law then clearly established in the holdings of [the United States Supreme Court]"; (2) "involved an unreasonable application of such law"; or (3) "was based on an unreasonable

6

determination of the facts in light of the record before the state court." *Harrington v. Richter*, 562 U.S. 86, 100 (2011) (internal quotation marks omitted); see also, 28 U.S.C. §2254(d), *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003).[3] "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

While Paranteau expresses his disagreement with the state court's decision, he has failed entirely to make the requisite showing under § 2254(d). That is, he has not demonstrated that the Montana Supreme Court's decision involved an unreasonable interpretation or application of federal law or was based upon an unreasonable determination of the facts. Put another way, the Montana Supreme Court reasonably found that the lower court properly denied Paranteau's claim as meritless. Accordingly, this Court must afford deference to the state court's decision.

Moreover, to the extent that Paranteau asks this Court to re-examine the interpretation and/or application of the elements of the state criminal endangerment

---

[3] 28 U.S.C. §2254(d) is a gateway. If a petitioner satisfies either subsection (1) or (2) for a claim, then the federal court considers that claim de novo. See, *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007) (when section 2254(d) is satisfied, "[a] federal court must then resolve the claim without the deference AEDPA otherwise requires"); see also, *Cone v. Bell*, 556 U.S. 449, 472 (2009).

7

statute, such error is not subject to review by a federal court. See, *Bradshaw v. Richey*, 546 U.D. 74, 76 (2005) (A state court's interpretation of state law is binding on a federal habeas court); *Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002)("[a] state court has the last word on interpretation of state law")(citations omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Bonin v. Calderon*, 59 F. 3d 815, 841 (9th Cir. 1995) (violation of a "state law right does not warrant habeas corpus relief"); *Lewis v. Jeffers*, 497 U.S. 764, 789 (1990) ("Federal habeas corpus relief does not lie for errors of state law"); *Peltier v. Wright*, 15 F. 3d 860, 861-2 (9th Cir. 1994) (generally federal habeas corpus relief unavailable for errors of state law).

Because Paranteau has failed to establish that the Montana Supreme Court acted unreasonably in denying his claim, he cannot prevail. This Court must afford deference and the claim should be denied.

### ii. Claim 2- Plea Agreement

As an initial matter, it appears that Paranteau's second claim is procedurally defaulted,[4] but because it is more efficient to dispose of the claim on its merits, the

---

[4] Paranteau attempted to raise the plea agreement claim on appeal from the denial of his postconviction petition, but because he did not present it to the district court, the Montana Supreme Court declined to address is. *Paranteau,* 2019 MT 211 N, at ¶ 8.

Court will resolve Claim 2 on that basis. See, *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *Franklin v. Johnson*, 290 F. 3d 1223, 1232 (9th Cir. 2002).

Relying on *Santobello v. New York*, 404 U.S. 257 (1971), Paranteau asserts that the plea agreement was breached because the "promise" or "inducement" that he receive a five-year suspended sentence was not fulfilled. (Doc. 1-1 at 2-3). In support of his argument, Paranteau attaches two pages of the plea agreement he signed and entered into. (Doc. 1-2 at 1-2.) But, Paranteau omitted the first page of the agreement.[5]

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello*, 404 U.S. at 262. Plea agreements are contractual in nature and subject to contract law standards of interpretation. See, *Brown v. Poole*, 337 F. 3d 1155, 1159 (9th Cir. 2003). In determining whether a plea agreement has been breached, courts consider what was "reasonably understood" by a defendant when he "entered his plea of guilty." *Gunn v. Ignacio*, 263 F. 3d 956, 970 (9th Cir. 2001); *United States v. De la Fuente*, 8 F. 3d 1333 (9th Cir. 1993)("If...a term of a plea agreement is not clear on its face, we look to the

---

[5] The Court has located the entire agreement. For purposes of clarity, the entire document will be filed into the record in this matter. This Court may take judicial notice of orders and filings in state courts when directly related to the case at issue. *Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011).

9

facts of the case to determine what the parties reasonably understood to be the terms of the agreement."). A party's claim regarding his subjective understanding is not dispositive, instead courts look to the "objective manifestations of the parties' intent." *Buckley v. Terhune*, 441 F. 3d 688, 695 (9th Cir. 2006), cert denied, *Tilton v. Buckley,* 550 U.S. 913 (2007).

A review of the entire plea agreement defeats Paranteau's argument that the State breached the agreement; the agreement is clear on its face. The original charge of Incest, which carried a maximum prison sentence of 100 years, was amended to Criminal Endangerment, which carries a maximum sentence of 10 years. See, *State v. Paranteau*, Cause No. ADC-15-268, Plea Agreement, at 1 (Feb. 7, 2017). Paranteau was free to make any recommendation he deemed appropriate, while the State was bound to recommend a five-year suspended sentence. *Id.* at 2. But, as evidenced by the agreement itself, the State's recommendation was not binding upon the district court. *Id.* at 1 (citing MCA § 46-12-211(1)(c)).

Not only did Paranteau acknowledge that the recommendation was not binding upon the District Court, he also indicated his understanding that if the Court did not accept the State's recommendation, he would have no right to withdraw his guilty plea. *Id.* Further, Paranteau acknowledged the sentencing in the matter "is entirely within the discretion of the presiding District Court Judge,

10

subject only to the limits of statutory and case law." *Id.* The sentence that Paranteau received, although not what the parties contemplated, was within state statutory parameters. Thus, Paranteau cannot establish that there was ambiguity in the agreement or that he "reasonably understood" that the district court was bound by the parties' recommendation. The objective intent of the parties is clear from the face of the agreement. And while Paranteau may have received an unfavorable outcome, it does not convert this matter into one of constitutional import. This claim should also be denied.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Paranteau's petition should be denied because he has failed to make a substantial showing of a denial of his constitutional rights. Paranteau has failed to

establish that the Montana Supreme Court unreasonably denied his first claim and this Court must defer to the state court's interpretation and application of state law. Paranteau's second claim is meritless. Reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

The Clerk of Court is directed to file a copy of the February 7, 2017, Plea Agreement entered in *State v. Paranteau*, Cause No. ADC-15-268, into the record in this matter.

## RECOMMENDATION

1. Paranteau's Petition (Doc. 1) should be DENIED.

2. The Clerk of Court should be directed, by separate document, to enter judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Paranteau may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Paranteau must immediately notify the Court of any change in his mailing

<u>address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 12th day of February, 2020.

                                                <u>/s/ John Johnston</u>
                                                John Johnston
                                                United States Magistrate Judge