# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| JOSEPH PARANTEAU,<br><br>Petitioner,<br><br>vs.<br><br>PAT MCTIGHE; STATE OF MONTANA; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 19-77-GF-BMM-JTJ<br><br>AMENDED ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

Petitioner Joseph Paranteau ("Paranteau") filed this action under 28 U.S.C. § 2254. (Doc. 1.) Paranteau pleaded guilty in Montana State District Court to criminal endangerment, a felony, in violation of § 45-5-207, MCA. (Doc. 5 at 2.) The state court sentenced Paranteau to ten years at the Montana State Prison. (*Id.*) Paranteau argues in his habeas claim that the charge to which he entered the guilty plea qualified only as a misdemeanor. (Doc. 1 at 4.) Paranteau also argues that he did not receive the benefit of the plea agreement that the County Attorney promised, which he alleges should have included a five-year commitment to the Montana Department of Corrections, with all time suspended. (*Id.* at 5.)

United States Magistrate Judge John Johnston issued Findings and Recommendations on February 12, 2020. (Doc. 5.) Judge Johnston recommended that the Court deny Paranteau's claims because Paranteau has not established a federal constitutional violation. (*Id.* at 5, 12.) Paranteau filed objections to Judge Johnston's Findings and Recommendations. (Doc. 8.)

The Court reviews de novo those Findings and Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a reargument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315, *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Paranteau objects to Judge Johnston's statement that "Paranteau filed a direct appeal." (Doc. 8 at 1; *see* Doc. 5 at 3.) Paranteau asserts that he never filed a "direct appeal" in state court; he was only able to file a petition for postconviction relief. (Doc. 8 at 1.) That is true. Paranteau filed a petition for postconviction relief

2

in state district court. *Paranteau v. State*, 2019 MT 211N, Or. at ¶ 4 (Mont. Sept. 3, 2019). The district court denied Paranteau's petition. Paranteau subsequently appealed to the Montana Supreme Court the district court's denial of his petition. *Id.* Judge Johnston's characterization of Paranteau's "direct appeal" refers to Paranteau's appeal of the state district court's denial of Paranteau's petition for postconviction relief. (*See* Doc. 5 at 3.) Judge Johnston did not mistake the facts of Paranteau's state court proceedings.

Paranteau's objections otherwise advance the same arguments that he set forth previously. The Court reviewed Judge Johnston's Findings and Recommendations for clear error. *See Rosling*, 2014 WL 693315 at *3. The Court finds no error. Accordingly, **IT IS ORDERED** that:

1. The Court's Order dated February 27, 2020 (Doc. 6), be **AMENDED** and **REPLACED** with this Order.

2. Judge Johnston's Findings and Recommendations (Doc. 5) are **ADOPTED IN FULL**.

3. Paranteau's Petition (Doc. 1) is **DENIED**.

4. The Clerk of Court is directed to enter judgment in favor of Respondents and against Petitioner.

5. A certificate of appealability is **DENIED**. The Clerk of Court is directed to have the docket reflect that the Court certifies, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, that any appeal of this decision would not be taken in good faith. Paranteau has not made a substantial showing that he was deprived of a constitutional right. Reasonable jurists would find no basis to encourage further proceedings at this time.

**DATED** this 4th day of March, 2020.

_____
Brian Morris
United States District Court Judge